**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ALEX PETER NICHOLS,**

**Petitioner,**

**v.** **CASE NO. 8:23-cv-2296-CEH-AAS**

**SECRETARY, Department of Corrections,**

**Respondent.**
_______________________________________/

# O R D E R

Alex Peter Nichols filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his concurrent fifteen-year sentences imposed for unlawful sexual activity with a minor and delivery of a controlled substance to a person under eighteen. (Doc. 1). Respondent, Secretary of the Florida Department of Corrections, filed a response with the state court record (Doc. 6), and Nichols replied (Doc. 7). Upon consideration, Nichols is not entitled to federal habeas relief.

## I. Background and Procedural History

On March 15, 2018, Nichols entered an open guilty plea to both offenses. (Doc. 6-2, Ex. 7 at 6–14). The state court imposed consecutive thirteen-year sentences. (*Id.* at 29–30; Ex. 8 at 1). On direct appeal, the Second District affirmed the convictions but reversed the sentences because the State did not meet its burden to show that the sentencing court had not considered an uncharged homicide. It remanded for

resentencing before a different judge. *See Nichols v. State*, 283 So. 3d 947, 950–51 (Fla. Dist. Ct. App. 2019). (Doc. 6-2, Ex. 15 at 1–2).

At resentencing on November 9, 2020, the court imposed concurrent fifteen-year sentences. (Doc. 6-2, Ex. 16 at 1, 134; Ex. 19 at 1). The Second District affirmed without a written opinion on November 3, 2021, and issued its mandate on November 29, 2021. (Doc. 6-2, Ex. 24 at 1; Ex. 25 at 1). On January 21, 2022, Nichols moved for a reduction or modification of his sentence; the state court denied the motion on February 8, 2022. (Doc. 6-2, Ex. 26 at 1; Ex. 27 at 1). Nichols filed a motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850 on November 14, 2022. (Doc. 6-2, Ex. 28 at 1). The state post-conviction court denied the motion by an order filed on March 9, 2023. (Doc. 6-2, Ex. 29 at 1, 10). The Second District affirmed without a written opinion on August 11, 2023, and issued its mandate on September 12, 2023. (Doc. 6-2, Ex. 33 at 1; Ex. 34 at 1). Nichols delivered the federal petition for mailing on October 5, 2023, and Respondent concedes that it is timely. (Doc. 1 at 22; Doc. 6 at 2).

The petition raises three grounds. Ground One asserts that the resentencing court considered uncharged crimes and other impermissible factors, including the overdose deaths of the victim and Nichols's girlfriend, the timing of Nichols's 911 call, and the concealment of needles. (Doc. 1 at 10–15). Ground Two asserts that sentencing counsel was ineffective for failing to object when the court referred to information about narcotics and testimony from other proceedings. (Doc. 1 at 15–18). Ground Three asserts that the sentencing court improperly assessed 80 victim injury

points for sexual penetration and that sentencing counsel ineffectively handled the scoresheet. (Doc. 1 at 18–21).

## II. Governing Legal Principles

### A. AEDPA

Because the state courts adjudicated Nichols's claims on the merits, this Court's review is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Federal habeas relief is available only if the state decision was contrary to, or an unreasonable application of, clearly established Supreme Court law, or rested on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The state court's factual findings are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The question is not whether this Court would have reached the same result in the first instance, but whether the state court's decision falls beyond the bounds of fairminded disagreement. *Harrington v. Richter*, 562 U.S. 86, 101–03 (2011).

### B. Exhaustion and Procedural Bar

A state prisoner must fairly present each federal claim to the state courts, including the claim's federal nature, through one complete round of the State's established appellate review process. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Baldwin v. Reese*, 541 U.S. 27, 29, 33 (2004). A claim not fairly presented and now barred by state procedure is procedurally defaulted. Federal review is available only if the petitioner shows cause and prejudice or that failure to

consider the claim would result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

**C. Ineffective Assistance of Counsel**

A claim of ineffective assistance requires proof that counsel performed deficiently and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). When section 2254(d) and *Strickland* apply together, review is doubly deferential. The petitioner must show that no fairminded jurist could agree with the state court's application of *Strickland*. *Richter*, 562 U.S. at 102.

## III. Discussion

**A. Ground One**

In Ground One, Nichols contends that the resentencing court violated due process by considering uncharged crimes and impermissible factors. (Doc. 1 at 10–15). He raised a state-law sentencing claim on direct appeal from his resentencing, but the brief relied on Florida law and did not identify a federal constitutional basis or cite federal authority. (Doc. 6-2, Ex. 22 at 22–31). A general reference to due process, without alerting the state court that the claim rests on federal law, does not fairly present a federal claim. *Baldwin*, 541 U.S. at 32–33. The related Rule 3.850 claim alleged ineffective assistance, not the freestanding federal sentencing claim now presented. (Doc. 6-2, Ex. 28 at 11–15). The federal claim is therefore unexhausted and procedurally defaulted. Nichols identifies no cause and prejudice excusing the default.

Even if Ground One is considered on the merits, it does not warrant relief. The Supreme Court has recognized broad latitude in the information a sentencing court may consider. *Williams v. New York*, 337 U.S. 241, 246–52 (1949). Due process is violated when a sentence rests on materially false information that the defendant had no opportunity to correct. *Townsend v. Burke*, 334 U.S. 736, 740–41 (1948). The record does not show that occurred here.

The resentencing court stated that it would not conclude Nichols was responsible for the victim's death and would not consider his delay in calling 911. (Doc. 6-2, Ex. 16 at 92, 130). It discussed the death of Nichols's girlfriend as relevant to his prior experience with the dangers of narcotics and the severity of his drug problem, not as proof that he caused her death. (*Id.* at 130–33). The court's comments concerned the circumstances of the charged delivery offense and Nichols's background. The transcript does not show that the court relied on an allegation that Nichols concealed needles, or that it attributed either death to him as an uncharged crime. Nichols's disagreement with the court's assessment of the circumstances does not establish reliance on materially false information. Because the state appellate court resolved only the state-law sentencing claim, the Court evaluates this alternative merits question de novo. On this record, the resentencing court did not rely on materially false information, and Nichols's claim fails even under de novo review. Therefore, Ground One is denied.

**Ground Two**

In Ground Two, Nichols contends that his sentencing counsel was ineffective for not objecting when the court said that, in drug-sale sentencing hearings, law enforcement officers testify from their daily experience that illegal narcotics are "poison." (Doc. 1 at 15–18). The response argues that the precise theory concerning the other proceedings was not presented to the post-conviction court. (Doc. 6 at 9–10). The Rule 3.850 motion, however, challenged counsel's failure to object to the same sentencing comments, and the state post-conviction court ruled on whether counsel had a valid basis to object to them. (Doc. 6-2, Ex. 28 at 12–15; Ex. 29 at 8–9). Because the claim's factual and legal core was presented and adjudicated, Ground Two is exhausted. The Court reviews the state court's ruling under section 2254(d). Even if the narrower theory is treated as defaulted, the alternative merits analysis below requires denial.

The state post-conviction court found that the sentencing judge used the comments to explain the danger of the controlled substance Nichols delivered and his personal experience with narcotics. It further found that counsel had no valid basis to object and that Nichols had not shown a reasonable probability of a lower sentence. (Doc. 6-2, Ex. 29 at 8–9). Those conclusions are reasonable. The sentencing transcript shows that the judge referred generally to information law enforcement officers provide in drug cases and to the dangers of narcotics. It does not show that the judge introduced case-specific testimony from another proceeding as evidence against Nichols. The judge connected the discussion to the charged delivery and Nichols's

prior experience with drugs. Sentencing courts may consider information about a defendant's background and conduct when selecting a sentence within the statutory range. *Williams*, 337 U.S. at 246–52.

The record also supports the state court's prejudice determination. The court imposed the statutory maximum for each second-degree felony after discussing the charged conduct, Nichols's age, his drug problem, his prior experience with narcotics, and his prospects for treatment. The judge stated that the guideline minimum did not control her decision. (Doc. 6-2, Ex. 16 at 129–34; Ex. 29 at 4–5, 8–9). Nichols's assertion that an objection would have produced a lesser sentence is speculative. The state court reasonably applied *Strickland* in rejecting both deficient performance and prejudice. The reply's assertion that the judge became a "material witness" does not identify testimony, a case-specific fact, or a legal basis that would have required counsel to object. (Doc. 7 at 5–7). Therefore, Ground Two is denied.

**Ground Three**

In Ground Three, Nichols contends that the sentencing court violated due process under *Apprendi* and *Blakely* by including 80 victim injury points for penetration on the scoresheet. (Doc. 1 at 18–21). The Court need not decide whether the claim is procedurally defaulted because it fails on the merits. *Apprendi* requires a jury finding, or a defendant's admission, for a fact that increases the penalty beyond the statutory maximum. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). *Blakely* defines the relevant maximum as the sentence a judge may impose based solely on the facts admitted by the defendant or found by a jury. *Blakely v. Washington*, 542 U.S. 296, 303 (2004).

*Alleyne v. United States*, 570 U.S. 99, 103 (2013), applies a similar rule to facts that increase a mandatory minimum.

The challenged points affected the lowest permissible guideline sentence, not the statutory maximum. Florida law set the sentencing range from the lowest permissible sentence through the statutory maximum. § 921.0024(2), Fla. Stat. (2018). The offenses were second-degree felonies carrying a fifteen-year maximum, and the court imposed fifteen years on each count, concurrently. The points did not authorize a sentence above the maximum established by Nichols's convictions or otherwise increase the sentence imposed beyond the range authorized by his guilty plea. The plea's factual basis stated that Nichols engaged in vaginal intercourse with the victim, and Nichols did not object to that factual basis. (Doc. 6-2, Ex. 7 at 11–13). The state appellate court's rejection of the claim was not contrary to or an unreasonable application of *Apprendi*, *Blakely*, or *Alleyne*.

Any assumed error also had no substantial and injurious effect on the sentence. The resentencing court knew that the lowest permissible sentence with the points was approximately 88 months and, without them, approximately 28 months. It nevertheless imposed the statutory maximum and explained its reasons without relying on the scoresheet minimum. (Doc. 6-2, Ex. 16 at 122, 129–34; Ex. 29 at 4–5). Nichols has not shown actual prejudice under *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).

Nichols separately claims that his resentencing counsel was ineffective for making only a limited objection to the penetration points and failing to ensure that the

final scoresheet reflected the lower guideline figure. The state post-conviction court rejected this claim after reviewing the transcript of the resentencing. Counsel argued that the points should be removed because penetration was not charged and Nichols had not formally stipulated to it. The sentencing court calculated the guideline minimum both with and without the points and imposed the statutory maximum. (Doc. 6-2, Ex. 16 at 115–22, 129–34; Ex. 29 at 7–8). The post-conviction court found that further efforts to obtain a clean scoresheet would not have changed the sentence and that counsel's performance was not deficient. (Doc. 6-2, Ex. 29 at 7–8).

The record supports those findings. Counsel raised the penetration points issue; the court considered both guideline calculations and selected the same statutory maximum regardless of which calculation was used. Nichols has not shown a reasonable probability that a further objection or a revised copy of the scoresheet would have changed the sentence. Also, he has not shown that the state court's application of *Strickland* was unreasonable. Therefore, Ground Three is denied.

## IV. Conclusion

1. Alex Peter Nichols's petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) is **DENIED**. The **CLERK** is directed to enter judgment against Nichols and **CLOSE** this case.

2. Nichols is not entitled to a certificate of appealability ("COA"). Under Section 2253(c)(1), a prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application. Instead, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant

has made a substantial showing of the denial of a constitutional right." To merit a COA, Nichols must show that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Nichols has not made the requisite showing. Finally, because Nichols is not entitled to a certificate of appealability, he has no right to appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida, on this 10th day of November, 2026.

Charlene Edwards Honeywell
Charlene Edwards Honeywell
United States District Judge

**Copies to:**
*Pro se* Petitioner
Counsel of record